IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Baldonado,<br><br>   Petitioner,<br><br>vs.<br><br>Darla Elliot, et al.,<br><br>   Respondents. | No. CV-05-3136-PHX-SMM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254. (document # 1) Respondents[1] filed an Answer to the Petition asserting that it should be denied because all of Petitioner's claims are procedurally defaulted and barred from federal habeas review. (document # 11) Petitioner filed a reply requesting that the Court dismiss the Petition, without prejudice, so that Petitioner may exhaust his claims in state court. (document # 12)

**FACTUAL AND PROCEDURAL BACKGROUND**

At 11:45 p.m. on January 19, 2003, Sergeant Kevin Harper observed Petitioner speeding eastbound on Van Buren Street near Second Avenue in Phoenix, Arizona. (Respondents' Exh. B at 2) Because Harper estimated that Petitioner was going 45 miles per hour in a 25 mile-per-hour zone, driving erratically, and making "jack rabbit" starts, Harper

---

[1] Respondent Darla Elliott's name is spelled "Eiolltt" on the Petition. (document # 1) However, Respondent spells her name "Elliott" on pleadings filed on her behalf. The Court, therefore, uses the spelling "Elliott."

followed Petitioner. (Respondents' Exh. B at 2) Petitioner eventually turned into a driveway at which time Harper approached Petitioner's vehicle and asked to see his driver's license. (Id.) Petitioner produced an identification card instead of a driver's license. (Id.) Petitioner was also unable to produce proof of insurance. (Respondents' Exh. B at 3) A records check revealed that Petitioner's driver's license had been suspended. (Id.)

Harper called Officer Brett Campbell for assistance. Campbell conducted field sobriety tests and noted that Petitioner had bloodshot eyes and smelled of alcohol. (Id.) Petitioner admitted to drinking four beers. Petitioner failed the sobriety tests. (Id.) Petitioner was arrested and taken to a "DUI" van.

In the DUI van, Officer Vernon Ray Hancock administered two breath tests using the Intoxilyzer 5000 EN. (Id.) Petitioner's blood alcohol content registered .135 on the first test and .137 on the second test. (Id.) After being advised of his Miranda[2] rights, Petitioner agreed to speak with Officer Hancock. Petitioner rated his impairment level as a "4 or 5" on a scale of 0 to 10. (Id. at 3-4)

Based on the foregoing, on January 22, 2003, the State of Arizona charged Petitioner with two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs. (Respondents' Exh. A, item 1) Following a jury trial, Petitioner was found guilty as charged. (Respondents' Exh. B at 3) The trial court[3] determined that Petitioner had two prior felony convictions and imposed mitigated, concurrent eight-year terms of imprisonment. The trial court gave Petitioner credit for 264 days of pre-sentence incarceration. (Respondents' Exh. B at 3)

Petitioner appealed and on March 22, 2004, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967) stating that counsel "has found no arguable question of law that is not frivolous." (Respondents' Exh. C at 6) Petitioner did not file a supplemental *pro se* brief. On June 17, 2004, the appellate court affirmed Petitioner's convictions and

---

[2] Miranda v. Arizona, 396 U.S. 868 (1969).

[3] The Honorable Barry C. Schneider presided.

sentences. (Respondents' Exh. B) Petitioner did not seek review in the Arizona Supreme Court. (Respondents' Exh. D)

In the meantime, on May 11, 2004, Petitioner filed a notice of post-conviction relief. (Respondents' Exh. E)  On October 4, 2004, post-conviction counsel filed a notice of completion of post-conviction review informing the court that counsel could find no colorable issue to raise. (Respondents' Exh. F)  On October 29, 2004, Petitioner filed a *pro se* petition for post-conviction relief raising three claims: (1) denial of constitutional right to effective assistance of counsel; (2) violation of his right to a speedy trial; and (3) prejudice because a juror saw Petitioner in handcuffs. (Respondents' Exhs. G, H)  The trial court denied relief on December 22, 2004. (Respondents' Exh. J)  Petitioner did not file a petition for review in the Arizona Court of Appeals

Thereafter, in late July or early August of 2005, Petitioner filed a second notice of post-conviction relief arguing that his sentence violated the rule announces in Blakely v. Washington, 542 U.S. 296 (2004). (Respondents' Exhs. K, L) On August 4, 2005, the trial court dismissed the petition finding that Blakely did not apply to mitigated sentences. (Respondents' Exh. L)  The court further found that the petition was untimely and did not fall within any exception that would excuse the untimeliness. (Id.)(citing Ariz.R.Crim.P. 32.1(g)).  Petitioner did not seek review in the Arizona Court of Appeals.

On October 7, 2005, Petitioner filed the pending petition raising the following claims: (1) his sentence violates the rule announced in Blakely v. Washington, 524 U.S. 296 (2004); (2) his right to a speedy trial was violated; (3) he was denied a fair trial because a juror saw Petitioner in handcuffs; and (4) he was denied effective assistance of counsel because counsel failed to investigate and failed to effectively examine witnesses at trial. (document # 1 at 5-8) Respondents contend that Petitioner's claims are procedurally defaulted and barred from federal habeas review because Petitioner did not present any of his claims to the Arizona Court of Appeals.  Petitioner characterizes his claims as unexhausted and requests an order dismissing his Petition without prejudice so that he may exhaust his claims in State court.

///

# ANALYSIS

**I. Exhaustion and Procedural Bar**

### A. Relevant Law

A state prisoner must exhaust available state court remedies before seeking federal habeas corpus review. 28 U.S.C. § 2254(b)(1). Specifically, the federal court may not grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State, . . . there is an absence of available State corrective process, . . .or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The exhaustion requirement is designed to give the State courts an initial opportunity to consider and correct alleged violations of its prisoners' federal rights. Picard v. Connor, 404 U.S. 270, 275 (1971).

A state prisoner can satisfy the exhaustion requirement in one of two ways. First, petitioner may actually exhaust his claims by presenting them to the state court in a procedurally proper manner. To actually exhaust his claims, a petitioner must "fairly present" his federal claim to the state courts. Fair presentation means that the petitioner presented the state courts with the same factual and legal theories that he urges upon the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that a state prisoner must fairly present his claim in each appropriate state court to alert that court to the claim's federal nature.)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). Petitioner must alert the state court to the fact that he is presenting a claim under the United States Constitution. Duncan, 513 U.S. at 365-66. It is not enough to make a general appeal to a constitutional guarantee such as due process. Gray v. Netherland, 518 U.S. 152, 163 (1996). Under Arizona law, a state prisoner's claims are exhausted for purposes of federal habeas corpus review once the Arizona Court of Appeals has ruled on those claims. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

The second manner in which a petitioner can exhaust state remedies is called technical exhaustion. A petitioner demonstrates technical exhaustion by showing that either the state court found a claim defaulted on procedural grounds, or, if petitioner never presented the claim to the state courts, that no state remedies remain available to petitioner. Cassett v.

Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005), *cert. denied by*, Schriro v. Cassett, ___U.S.___, 126 S.Ct. 1336 (2006)(stating that "the procedural default rule . . . applies . . . when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred.")(citing Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir. 2002)(internal quotation marks and citations omitted)). See also Ylst v.Nunnemaker, 501 U.S. 797, 802–05 (1991) (noting that, in violation of a California state procedural rule, state prisoner raised a Miranda claim for the first time on direct appeal); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).

The state court's application of a procedural bar effectively exhausts the claim because "no state remedies remain available" to the habeas petitioner. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citing Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982)). Similarly, "[b]ecause the exhaustion requirement refers only to remedies still available at the time of the federal petition, if a petitioner failed to present his claims in state court and can no longer raise them through any state procedure, state remedies are no longer available and are exhausted." Rivas v. Schriro, No. CV-05-434-PHX-DGC (BPV), 2006 WL 987990, * 8 (D.Ariz., April 13, 2006)(citations omitted). "[The] procedural default [is] *caused* by a failure to exhaust federal claims in state court." Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002)(emphasis in original). The procedural default arises because, pursuant to a state court's procedural rules, a return to state court to exhaust the claims would be futile. Teague v. Lane, 489 U.S. 288, 297–99 (1989); Coleman, 501 U.S. at 735 n.1 (stating that a claim is procedurally defaulted when "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

For example, under Arizona law, state prisoners are precluded from filing petitions for post-conviction relief if: (1) the ground has been waived "at trial, on appeal, or in any previous collateral proceeding" or (2) the petition is filed more than thirty days after an order or mandate affirming the judgment and sentence on direct appeal. Ariz. R. Crim. P. 32.2(a)(3), 32.4(a), 32.9. A claim that is procedurally defaulted by the "futility" of returning to state court

1  to properly exhaust the claim is not subject to federal habeas review. Beaty, 303 F.3d at 987
2  (holding that petitioner's unexhausted claims were not subject to federal habeas review because
3  he was time-barred under Rule 32.2(a) of the Arizona Rules of Criminal Procedure from
4  returning to state court to argue them); State v. Mata, 916 P.2d 1035, 1048–53, 185 Ariz. 319,
5  322-337 (Ariz.Ct.App. 1996) (holding that petitioner's unexhausted ineffective assistance
6  claims were procedurally barred under Rule 32.2(a) of the Arizona Rules of Criminal Procedure
7  because he waived the right to present them at trial).

8  When a petitioner defaults his federal claim in state court pursuant to an
9  "independent and adequate" state rule, federal habeas review on the merits is barred. Coleman,
10 501 U.S. at 722-23; Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977); Wells v. Maass, 28 F.3d
11 1005, 1010 (9th Cir.1994) ("In order to constitute adequate and independent grounds sufficient
12 to support a finding of procedural default, a state rule must be clear, consistently applied, and
13 well-established at the time of petitioner's purported default.")(citations omitted).

14 However, claims that are otherwise procedurally barred may warrant review on the
15 merits if petitioner demonstrates: (1) cause for the default and actual prejudice; or (2) that
16 failure to review the claims "will result in a fundamental miscarriage of justice." Coleman, 501
17 U.S. at 724. To establish cause for the default, a petitioner must establish that "some objective
18 factor external to the defense impeded [his efforts] to comply with the State's procedural rule."
19 Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice is proved by demonstrating that the
20 alleged constitutional violation "worked to [a petitioner's] actual and substantial disadvantage,
21 infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456
22 U.S. 152, 170 (1982). Cause and prejudice are conjunctive requirements; where a petitioner
23 fails to establish cause for his procedural default, the court need not consider whether petitioner
24 has shown actual prejudice resulting from the alleged constitutional violations. Smith v.
25 Murray, 477 U.S. 527, 533 (1986).

26 The "fundamental miscarriage of justice" exception applies only when a
27 constitutional violation probably has resulted in the conviction of one actually innocent of a
28 crime. Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004). To establish a "fundamental

- 6 -

miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted).

### B. Application of Law to Petitioner's Claims

As previously stated, Petitioner did not present any of his claims to the Arizona Court of Appeals. The Court finds that Petitioner's claims are technically exhausted because there are no state remedies available to Petitioner. Petitioner may not seek further review in state court of his federal claims because the filing deadline has expired pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner does not assert an applicable exception to that deadline. Beaty, 303 F.3d at 987 n. 5 (finding no state remedies available and noting that petitioner did not raise any exceptions to Rule 32.2(a)). Under Rule 32.4(a), the notice of post-conviction relief in a non-capital conviction must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz. R. Crim. P. 32.4(a).

A notice of post-conviction relief not timely filed may only raise claims pursuant to Rule 32.1(d)-(h). Id. These exceptions are narrow:

> (d) [t]he person is being held in custody after the sentence imposed has expired; or
>
> (e) [n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence . . . ; or
>
> (f) [t]he defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>
> (g) [t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

> (h) [t]he defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt . . . .

Ariz.R.Crim.P. 32.1(d)-(h). If a claim does not fall into one of these categories and the notice of Rule 32 relief is filed outside the time limits prescribed in Rule 32.4(a), the petition is untimely and subject to summary dismissal. State v. Rosario, 987 P.2d 226, 228, 195 Ariz. 264, 266 (Ariz.Ct.App. 1999). As previously stated, Petitioner does not assert any of the foregoing exceptions and the record does not contain any evidence supporting the application of the foregoing exceptions in this case. Beaty, 303 F.3d at 987.

In addition, Rule 32.2(b) provides that the notice of post-conviction relief for successive or untimely post-conviction proceedings must indicate the applicable exception, 32.1(d), (e), (f), (g), or (h), and the basis for not raising the claim sooner. If meritorious reasons are not set forth, the notice shall be dismissed. Ariz. R. Crim. P. 32.2(b). Petitioner does not set forth any of the foregoing exceptions. In view of Rules 32.4 and 32.2(b), Petitioner cannot return to state court to present his claims. Accordingly, his claims are procedurally defaulted and barred from federal habeas review.

### C. Cause and Prejudice or Fundamental Miscarriage of Justice

The Court must next determine whether Petitioner has demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse the procedural bar. Proof of cause for procedural default ordinarily turns on a petitioner's showing of some objective factor external to the defense that impeded compliance with state rules. Objective factors could be, for example, "a showing that the factual or legal basis for a claim was not reasonably available, . . . or that 'some interference by officials' . . . made compliance impracticable . . . . " Murray, 477 U.S. at 488 (citations omitted). A showing of constitutionally ineffective assistance of counsel may also constitute cause. Murray, 477 U.S. at 488.

Petitioner merely claims that he was confused regarding the proper court in which to raise his claims. Petitioner's lack of knowledge of the law does not amount to cause for his failure to properly present his claims to the Arizona courts. Hughes v. Idaho State Board of

Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default).

Because Petitioner has failed to establish cause for the procedural default, the Court need not consider the existence of prejudice from the alleged violation of federal law. Smith, 477 U.S. at 533. Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice.

Nor has Petitioner shown that his claims require federal review to prevent a fundamental miscarriage of justice. The fundamental miscarriage of justice exception applies only when a petitioner establishes "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. Here, Petitioner has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Id. The fundamental miscarriage of justice exception does not apply in this case and a miscarriage of justice would not result from upholding the procedural bar.

**III. Motion to Voluntarily Dismiss Petition**

As previously stated, Petitioner characterizes his claims as unexhausted, not procedurally defaulted. Accordingly, he requests that the Court dismiss his petition without prejudice so that he can present his claims to the State courts.

Granting Petitioner's motion for voluntary dismissal would be futile. As an initial matter, if the Court dismissed the Petition without prejudice, under the AEDPA, Petitioner would be time-barred from returning to federal court on habeas review. 28 U.S.C. § 2244. The AEDPA provides that a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. 28 U.S.C. § 2244(d)(1). Although Petitioner's pending Petition was timely when filed on October 7, 2005, the limitations period has since expired and a subsequent federal petition would be untimely. Duncan, 533 U.S. at 181-82 (stating that the filing of a federal habeas petition does not toll the AEDPA statute of limitations.)

In view of the interplay between the AEDPA statute of limitations and the exhaustion requirement, the Supreme Court has held that when a petitioner files a mixed petition, one containing both exhausted and unexhausted claims, the district court should consider whether to stay the proceedings, hold in abeyance the exhausted claims, and dismiss without prejudice the unexhausted claims so that petitioner can present them to the state courts. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005); Cassett, 406 F.3d at 625. The Court explained, however, that the "stay and abeyance" procedure should only be available in limited circumstances. Rhines, 544 U.S. at ___, 125 S.Ct. at 1535. Thus, "stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Here, none of Petitioner's claims are actually exhausted, therefore, this is not an appropriate situation to consider staying the Petition and permitting Petitioner to exhaust his unexhausted claims. Because Petitioner did not actually exhaust any claims, there are no claims for the Court to hold in abeyance. Moreover, even assuming that this were a mixed petition, the stay and abeyance procedure is only appropriate if Petitioner can establish good cause for failing to properly present his claims to the state court. Rhines, 544 U.S. at ___, 125 S.Ct. at 1535. Here, Petitioner merely asserts that he was confused regarding the proper court in which to file his claims. Petitioner's confusion does not constitute good cause sufficient to stay this matter. Dykens v. Allen, 379 F.Supp.2d 71, 74 (D.Mass. 2005)(declining to stay a mixed petition where the record contained no evidence that petitioner had good cause for failing to exhaust his claims in state court); Hubbert v. Renico, No. 04-CV-71018-DT, 2005WL 2173612, * 3-4 (E.D.Mich., September 7, 2005)(declining to stay a mixed petition on ground that counsel's failure to raise claims on direct appeal did not constitute cause for petitioner's failure to exhaust claims in state court).

## CONCLUSION

Petitioner's claims are technically exhausted and procedurally barred. Because Petitioner has not demonstrated cause and prejudice, and because he has not shown that a

miscarriage of justice would result from upholding the procedural bar, there are no grounds to avoid the procedural bar. Therefore, federal habeas review on the merits is barred.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Motion to Dismiss (document # 12) be **DENIED.**

IT IS FURTHER RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (document # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e). Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. Fed. R.Civ. P. 72.

DATED this 4th day of May, 2006.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 11 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 12 -